# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

—————————————————————————— X

Thomas Mohr

                                    **Plaintiff**

  **-against-**

Security Credit Services, LLC; Lacy
Katzen, LLP; Mark H. Stein; and
Michael J. Wegman.                  **Defendant**


—————————————————————————— X

Docket No. 14 CV  0981
             (MAD) (CFH)


**AMENDED/SUPPLEMENTAL
COMPLAINT AND DEMAND FOR
JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is a residence of the state of Utah, and has not lived in New York in over twenty years. The Defendants are debt collectors.  In an attempt to collect a debt, the Defendants sued the Plaintiff in the New York Supreme Court, county of Albany, in 2013. (hereinafter referred to as the "state lawsuit.")  In the state lawsuit, the Defendants falsely alleged to have served the Plaintiff at his childhood home, where he has not lived in over 30 years. Unbeknownst to the Plaintiff, the Defendants obtained a default judgment against the Plaintiff in the state lawsuit, and then restrained the Plaintiff's bank account in Utah. After learning of the restraint and lawsuit, the Plaintiff provided Defendants with clear and decisive evidence of his residence in Utah including his driver's license, tax records, but the Defendants refused to take any remedial action. Instead, the Defendants chose to use the illegally obtained judgment and restrained bank account, to attempt to coerce the

1

payment of the alleged debt. The Defendants' actions caused the Plaintiffs' to suffer

financial damages as well as other damages.

2. This is an action for damages brought by an individual consumer for violations

of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA")

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices;

New York General Business Law, Section 349; as well as for violations of common law.

3.      According to 15 U.S.C. 1692:

(a)     There is abundant evidence of the use of abusive, deceptive, and unfair debt
        collection practices by many debt collectors.  Abusive debt collection practices
        contribute to the number of personal bankruptcies, to marital instability, to the loss
        of jobs, and to invasions of individual privacy.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect
        consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are
        available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate
        commerce and through means and instrumentalities of such commerce.  Even
        where abusive debt collection practices are purely intrastate in character, they
        nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt
        collectors, to insure that those debt collectors who refrain from using abusive debt
        collection practices are not competitively disadvantaged, and to promote consistent
        State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C

Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28

U.S.C. Section 1367.  Injunctive relief is available pursuant to New York state law.  Venue

in this District is proper in that the Defendants' transact business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff, Thomas Mohr, is a natural person residing in the state of Utah. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant Security Credit Services, LLC (hereinafter SCS) is a debt buyer who purchases defaulted debt for pennies on the dollar and then attempts to collect the debts for a profit. SCS is a debt collector engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. SCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

7. Lacy Katzen, LLP is a law firm engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. SCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. Defendant Mark H. Stein  (hereinafter "Stein") is a natural person who on information and belief was employed by and/or is an agent of Lacy Katzen as a debt collector at all times relevant to this complaint. Mark H. Stein is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).  Mark H. Stein is a licensed lawyer in New York.

9. Michael J. Wegman (hereinafter "Stein") is a natural person who on information and belief was employed by and/or is an agent of Lacy Katzen as a debt collector at all

3

times relevant to this complaint. Michael J. Wegman (hereinafter Wegman) is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6). Michael J. Wegman is a licensed lawyer in New York.

10. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants.

## IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats paragraphs "1" through "10" as if fully restated herein.

12. The Plaintiff has resided in the state of Utah since at least 1991.

13. On or about August 29, 2013, the Defendants filed a lawsuit against the Plaintiff Thomas Mohr in New York State Supreme Court, county of Albany. ("the state lawsuit.") **(See, Exhibit A)**

14. The state lawsuit alleges that the Plaintiff owed a debt for a credit card to Wells Fargo. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was alleged to be incurred in connection with a Wells Fargo credit card that was used for personal products and services. No part of the alleged debt was incurred for business purposes. The Plaintiff's Wells Fargo credit card was opened during the time when Plaintiff was living in Utah. Plaintiff did not sign any contract with Wells Fargo while Plaintiff was in New York.

15. The Plaintiff is a residence of the state of Utah, and has not lived in New York in over twenty years.

16. The Defendant Security Credit Services, LLP ("SCS") purchased the alleged debt and retained the other Defendant debt collectors to help them collect the alleged debt.

17. The credit card statements from Thomas Mohr's account that were given from SCS to the other Defendants clearly show that Thomas Mohr lived in Utah. Despite the indication of Thomas Mohr's residence in Utah, the Summons in the state lawsuit falsely indicates that the Thomas Mohr lived in Albany County, New York.

18. The Summons in the state lawsuit contains the names of the two attorney defendants herein: Mark H. Stein, and Michael J. Wegman.  The Summons however contains only one mark that is purportedly a signature. On information and belief, that signature mark was created without any meaningful attorney review.  On information and belief, Defendants Stein and Wegman allow their signatures to be used in this manner. The Complaint in the state lawsuit is unsigned and was created by a computer. On information and belief no attorney meaningfully reviewed this complaint prior to filing. A basic review would have indicated to any attorney that their own client's records indicated that Thomas Mohr lived in Utah.

19. The Defendants falsely alleged to have served Thomas Mohr at his childhood home, where he has not lived in over 20 years. **(Exhibit B)**

20. On or about January 21, 2014, the Defendants then filed a request for judgment with the Court again falsely indicating that Thomas Mohr lived in New York, and that Thomas Mohr had been properly served the Summons and Complaint in the state lawsuit. **(Exhibit C)**  Exhibit C contains the names of Defendants Stein and Wegman under the

signature block, but contains only one mark indicating a signature. On information and belief no attorney meaningfully reviewed this document before signing. A basic review would have indicated to any attorney that their own client's records indicated that Thomas Mohr lived in Utah.

21. The Defendants obtained a default judgment against Thomas Mohr in the state lawsuit, and then restrained the Thomas Mohr's bank account in Utah.

22. After learning of the restrain and lawsuit, the Defendant provided Defendants with clear and decisive evidence of his residence in Utah including drivers license, tax records, and employment information. Despite obtaining this information, and despite the fact that the credit card statements upon which the Defendants were suing upon showed Thomas Mohr lived in Utah, Defendants refused to take any remedial action. In fact, the Defendant chose to further use the illegally restrained bank account to attempt to coerce the payment of money. The Defendants' actions caused the Plaintiffs' to suffer additional financial damages as well as other damages.

23. The Defendants never sent the Plaintiff the notices required by 15 USC 1692g.

24. The Defendant sent an information subpoena to the Plaintiff that did not include the notices required by 15 USC 1692e(11) for any direct or indirect communication with a consumer.

25. On or about August 6, 2014, Thomas Mohr filed a motion in the State Action to vacate the judgment in the state action.

26. On or about August 19, 2014 the Defendant Lacy Katzen filed an opposition Thomas Mohr's motion to vacate in the state action. The opposition again falsely indicated that the Plaintiff lived in New York.

27. The judge in the state action scheduled a traverse hearing relating to the Plaintiff's motion to vacate the judgment in the state action for November 14, 2014.

28. Neither SCS, nor any attorney on their behalf, appeared at the traverse hearing in the state action.

29. On or about November 17, 2014, Thomas Mohr's attorney in the state action submitted a proposed order vacating the default judgment and dismissing the state action with prejudice.

30. On or about November 24, 2014, the Defendants sent a letter to the state court indicating that they did not oppose the entry of the Plaintiff's proposed order vacating the default judgment and dismissing the state action with prejudice. Defendant also indicated to the Court that they were releasing the restraint on Mr. Mohr's bank account.

31.  Notwithstanding their representation that they were releasing the restraint on Mr. Mohr's bank account, Mr. Mohr's account was not released.

32. On or about December 19, 2014, the New York state Supreme Court entered an order vacating the default judgment in the state action, dismissing the state action with prejudice, and ordering that Defendant release the restraint on the Plaintiff's bank account. Mr. Mohr's account was released that same day.

33. On or about January 26, 2015, the Defendants filed a notice of appeal relating to the order vacating the judgment and dismissing the state lawsuit.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

34.  Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

35.  Defendants' actions as described herein violated the following provisions of the FDCPA:

a. 15 U.S.C Section 1692e;

b. 15 U.S.C Section 1692e(2);

c. 15 U.S.C Section 1692e(3)

d. 15 U.S.C Section 1692e(4)

e. 15 U.S.C Section 1692e(5)

f. 15 U.S.C Section 1692e(8)

g. 15 U.S.C Section 1692e(10)

h. 15 U.S.C Section 1692e(11)

i. 15 U.S.C. Section 1692f

j. 15 U.S.C Section 1692e(11);

k. 15 U.S.C. Section 1692(f)

l. 15 U.S.C Section 1692f(1)

m. 15 U.S.C. Section 1692g; and

n.  15 U.S.C. Section 1692i

**VI.  CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW SECTION 349 AGAINST ALL DEFENDANTS**

36.  Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

37. Defendant's actions as further detailed herein violate the New York General Business Law Section 349 et seq. in that:

a. Defendants are responsible for the filing of a Complaint falsely indicating to the Supreme Court of New York, that  Thomas Mohr resides in New York; and that Thomas Mohr had been served with the state lawsuit.

b. Defendants also deceptively indicate that the form complaint has been reviewed authorized and approved by an attorney. On information and belief that is false and deceptive. The form Complaint is not signed by any lawyer.

c.  On information and belief, Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendant's actions have a broad impact on New York consumers at large, in that on information and belief, the Defendant utilizes the deceptive practices contained herein while attempting to collect debts from New York consumers.

38. The Defendants' actions as described herein have caused the Plaintiffs significant damages, including but not limited to: the loss of his money from his bank account; fees associated with the illegal restraint on his bank account; legal fees and costs necessary to address the improperly obtained judgment in the state lawsuit, amongst other injury.

39. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from representing to any court that the Thomas Mohr lives in New York.

## VII. CONVERSION

40. The actions of Defendants as described herein constitute the tort of conversion in that the Plaintiff had a legal ownership to his bank account; and the Defendants exercised unauthorized interference with Plaintiff's ownership of his bank account.

41. The actions of the Defendants caused the Plaintiffs damage as described herein.

42. The actions and omissions of the Defendants were willful, malicious, and wanton.

43. Despite knowing that the Plaintiff lived in the state of Utah, the Defendants proceeded to deceive the New York State Court into believing that the Plaintiff lived in New York.  Defendants were aware that their actions were hurting the Plaintiff, but they chose to do so.

44. Plaintiff is entitled to punitive damages for the actions of the Defendants as described herein.

## VIII. ABUSE OF PROCESS

45.  Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

46. Defendants actions constitute the tort of abuse of process in that the Defendants used regularly issued process, after it was issued, with intent to do harm, in a perverted manner, in order to obtain a collateral objective. Defendants' actions interfered with the property of Plaintiff and Plaintiff suffered actual and special damages.

47. Defendants issued regular process in that they drafted and filed a Summons and

Complaint, and a bank Restraining Notice.

48.  Defendants used such process after it was issued with intent to do harm in that after the they improperly filed the Summons and Complaint and issued the restraining notice, the Defendants used the retraining notice to improperly coerce the Plaintiff into paying the alleged debt, by using the retraining notice as leverage. Defendants were aware that they were not entitled to the amount of money listed in the retraining notice as they were aware that the judgment had been improperly obtained.  Nonetheless Defendants attempted to use the judgment and restraining notice to force the Plaintiff to pay Defendants money.

49. Defendants unlawfully interfered with Plaintiff's property in that the Plaintiff's bank account was restrained.

50. Defendants used the retraining notice to obtain a collateral objective in that Defendants leveraged the unlawful retraining notice in an attempt to coerce payment of the alleged debt from Plaintiffs even though Defendants knew the judgment had been improperly obtained.

51.  Defendants continued to use the retraining notice after having actual knowledge of the illegality of judgment.

52. Plaintiff suffered actual and/or special damages due to Defendants actions as described herein in that the Plaintiffs monies were retrained; Plaintiff suffered bank fees and Plaintiff was forced to retain an attorney to try to vacate the illegally obtained judgment, amongst other injury.

53.  Plaintiff are entitled to punitive damages for the actions and omissions of the Defendants as described.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

Defendants, for the following:

A.  Injunctive relief as requested herein;

B. Actual damages;

C. Statutory damages pursuant to the FDCPA and General Business Law;

D. Nominal damages;

E. Costs and reasonable attorney's fees;

F. Punitive damages; and

G. For such other and further relief as the Court may deem just and proper.

<div style="margin-left:40%">

Respectfully submitted,

/S/ JOSEPH MAURO

Joseph Mauro (JM: 8295)

The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

</div>

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

<div style="margin-left:40%">

<u>/S/ JOSEPH MAURO</u>
Joseph Mauro

</div>

# EXHIBIT A

CONSUMER CREDIT TRANSACTION

Albany County Clerk
Document Number 11467303
Rcvd 08/29/2013 3:46:05 PM

STATE OF NEW YORK
SUPREME COURT       COUNTY OF ALBANY       Index No.

_____

Security Credit Services, LLC       Plaintiff designates Albany
County as the place of trial.

                 Plaintiff,

*SUMMONS*  4848-13

vs.

The basis of the venue is
Defendant's residence in Albany
County.

Thomas Mohr       Plaintiff resides at
40 Gail Avenue       2653 W. Oxford Loop, Suite 108
Albany NY 12205-4831       Oxford MS 38655
      County of Lafayette

_____ Defendant. _____

*To the Above-Named Defendant*

      ***YOU ARE HEREBY SUMMONED*** and required to answer the Complaint in this action and to serve a copy of your Answer* to the annexed complaint upon Plaintiff's attorney at the address stated below, within the time provided by law as noted below; upon your failure to appear or Answer, Judgment will be taken against you for the relief demanded in the Complaint, together with the costs of this action.

Dated: August 20, 2013

_____

***LACY KATZEN LLP***
Mark H. Stein, Esq.
Michael J. Wegman, Esq.
Attorneys for Plaintiff
The Granite Building
130 East Main Street, PO Box 22878
Rochester, New York 14692-2878
Telephone:  (585) 324-5775   (866) 250-2112



*S C 0 2 0 1 3 0 0 9 9 8*

*Note:  The law provides that:*
      *(1)*      *if this Summons is served by its delivery to you personally within the County of Albany, you must answer within twenty (20) days after such service; or*
      *(2)*      *if this Summons is served by delivery to any person other than you personally, or is not personally delivered to you within the State of New York,  you are allowed thirty (30) days after service is complete within which to Answer.*
*\* You need not physically go to the Court to serve an Answer.*

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

State of New York
Supreme Court           County of Albany

Security Credit Services, LLC

<div align="center">Plaintiff</div>

-vs-

<div align="right">

**VERIFIED
COMPLAINT**
Index No.

</div>

Thomas Mohr

<div align="center">Defendant.</div>

      Plaintiff, by its attorneys LACY KATZEN LLP, complaining of the Defendant, respectfully alleges:

      1.  That at all times hereinafter mentioned, the Plaintiff is a limited liability company with an office at 2653 W. Oxford Loop, Oxford, Lafayette County, Mississippi..

      2.  That Defendant is an individual and based upon information and belief resides in Albany, Albany County, New York.

      3.  The agreement sued upon herein was duly assigned to Plaintiff and notice thereof was duly given to Defendant.  The original creditor was Wells Fargo Bank, N.A..

      4.  That there are monies due from Defendant to Plaintiff on account number ending in XXXXXXXXXXXX7101 for charges incurred and/or  services rendered by Plaintiff's assignor on which there is a balance due of $18,369.74 with interest from May 1, 2012 at a rate of 9%.

      5.  No part of the said sum has been paid despite due demand.

      6.  By reason thereof, Defendant owe(s) Plaintiff the sum of $18,369.74 with interest from May 1, 2012 at a rate of 9%.

<div align="center">

**AS AND FOR A SECOND CAUSE OF ACTION**

</div>

      7.  Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "6" of this complaint as though fully set forth at length herein.

      8.  Plaintiff and its assignor rendered to Defendant accurate accounts of the indebtedness owing by Defendant which were accepted by Defendant without objection resulting in an account stated for $18,369.74 with interest from May 1, 2012 at a rate of 9%.

WHEREFORE, Plaintiff demands judgment against Defendant for the sum of $18,369.74 with interest from May 1, 2012 at a rate of 9%, plus the costs and disbursements of this action.

Dated:  August 20, 2013
Rochester, New York

LACY KATZEN LLP
Attorneys for Plaintiff
Office and Post Office Address
The Granite Building
130 East Main Street, PO Box 22878
Rochester, New York 14692-2878
Telephone (585) 324-5775   (866) 250-2112

## VERIFICATION AND AFFIDAVIT OF MERIT

STATE OF MISSISSIPPI)
COUNTY OF LAFAYETTE) SS:

  Rebekah Moore, being duly sworn, deposes and states the following under penalties of perjury:

  I am the Vice President of Plaintiff and am fully familiar with the facts and circumstances of this matter.  Defendant Thomas Mohr heretofore entered into a Credit Card Agreement with its predecessor in interest, WELLS FARGO, BANK N.A..  At Defendant's request, Plaintiff's predecessor in interest mailed a credit card and card agreement to Defendant who opened an account in Defendant's name (Account Number 4147180200237101). Defendant utilized the credit card, made minimal payments on behalf of the account pursuant to the credit card agreement and has now defaulted in making the scheduled payments.  Plaintiff's predecessor in interest mailed statements to Defendant advising of said default and demanded payment.  No payment has been forthcoming.  Plaintiff thereafter took by assignment from WELLS FARGO, BANK N.A.  all the right, title and interest to receive the predecessor's moneys due pursuant and in accordance with said credit card agreement.  Plaintiff mailed statements to Defendant advising of said default and demanding payment.  Defendant retained said statement without objection.  No payment has been received despite due demand. There is due and owing from Defendant to Plaintiff the sum of $18369.74.  The information contained in Plaintiff's Complaint is true to deponent's own knowledge except to those matters stated to be alleged on information and belief, and to those matters your deponent believes them to be true.  This Verification is made by deponent because Plaintiff is a corporation and deponent is an employee with knowledge of the facts and circumstances of the debt alleged and upon account records and other data in your deponent's possession.  After reasonable inquiry, he/she has reason to believe that the statute of limitations has not expired.

                Rebekah Moore
                Vice President

Sworn to before me this
day of _____, 2013.

_____
Notary Public

201300998

Exhibit 1

BILL OF SALE

        This Bill of Sale is entered into this 27th day of April, 2012 pursuant to that certain Flow Purchase Agreement ("Agreement") effective as of January 24, 2012 by and among Absolute Resolution Corp., as Buyer, and Wells Fargo Bank, N.A., as Seller.

For good and valuable consideration as more particularly set for in the Agreement, Seller hereby assigns, sells, transfers and conveys to Buyer, and Buyer hereby accepts from Seller, without recourse except as specifically provided in the Agreement, the Accounts described in the Accounts Schedule attached hereto as Exhibit A.

Seller:  Wells Fargo Bank, N.A.,

Buyer:  Absolute Resolution Corp.

Number of Accounts:  ▮▮

List of Accounts:  Attached hereto as Schedule 1

Unpaid Balance of Accounts

Cut-Off Date:  April 20, 2012

Closing Date:  April 27, 2012

ABSOLUTE RESOLUTION CORP.                    WELLS FARGO BANK, N.A.

By: _____                By: _____
Name: michael Genderson                      Name:  Thomas La Centra
Title: President                             Title:   EVP – Operations
Date: 5/10/12                                 Date Signed:  April 20, 2012

wcc024

Exhibit 1

BILL OF SALE

This Bill of Sale is entered into this 27th day of April, 2012 pursuant to that certain Flow Purchase Agreement ("Agreement") effective as of January 24, 2012 by and among Security Credit Services LLC, as Buyer, and Absolute Resolutions Corp., as Seller.

For good and valuable consideration as more particularly set for in the Agreement, Seller hereby assigns, sells, transfers and conveys to Buyer, and Buyer hereby accepts from Seller, without recourse except as specifically provided in the Agreement, the Accounts described in the Accounts Schedule attached hereto as Exhibit A.

Seller:  Absolute Resolutions Corp.,

Buyer:  Security Credit Services, LLC

Number of Accounts:  ▉▉▉

List of Accounts:  Attached hereto as Schedule 1

Unpaid Balance of Accounts:  ▉▉▉▉▉▉

Cut-Off Date:          April 27, 2012

Closing Date:          April 27, 2012

ABSOLUTE RESOLUTION CORP.

By: _____
Name: Michael Bendickson
Title: President / CEO

SECURITY CREDIT SERVICES, LLC

By: _____
Name: Kim M Dexter
Title: EVP

MB

# EXHIBIT B

Albany County Clerk
Document Number 11484562
Rcvd 09/27/2013 1:32:31 PM

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ALBANY**

**Job # 204724**

**AFFIDAVIT OF SERVICE**

Index no : 4848-13
Date Index Number Purchased: 08/29/2013

| | |
|---|---|
| PLAINTIFF(S): | **SECURITY CREDIT SERVICES, LLC** |
| DEFENDANT: | **THOMAS MOHR** |

STATE OF NEW YORK
COUNTY OF ALBANY          ss.:

**EARL PAGE**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the STATE OF NEW YORK.

On 09/19/2013 at 12:42 PM, I served the within **SUMMONS AND VERIFIED COMPLAINT** on **THOMAS MOHR** at **40 GAIL AVENUE, ALBANY, NY 12205** in the manner indicated below:

SUITABLE AGE: By delivering a true copy of each to **LIZ MOHR, CO-TENANT**, a person of suitable age and discretion. Said premises is recipient's usual place of abode within the state.

Pursuant to CPLR – Section 308(2) On **09/20/2013** , service was completed by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that the mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Approx Age | Approx Height | Approx Weight |
|---|---|---|---|---|---|
| **FEMALE** | **WHITE** | **BROWN** | **50–64** | **5ft. 4in. – 5ft 8in.** | **160–199Lbs.** |
| Other Features: | | | | | |

Your deponent asked the person spoken to whether the Recipient was in the active military service and received a negative reply. Upon information and belief I have; being based on the conversations and observations above narrated, Recipient is not in the military service.

Sworn to and subscribed before me on
_September___ __24__ , 20 _13_
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires: _12|16|14_

Heather Folds
Notary Public, State of New York
No. 01FO6084521
Qualified in Schenectady County
Commission Expires Dec. 16, 20_14_

X_____
EARL PAGE

North American Process Serving, LLC.
2801 Wehrle Drive
Williamsville,NY 14221
716.565.0258
Atty File#: 201300998

EXHIBIT C

STATE OF NEW YORK
SUPREME COURT       COUNTY OF ALBANY

Security Credit Services, LLC

                 Plaintiff

    vs.

Thomas Mohr

                Defendant(s).

**PAID**

**STATEMENT FOR JUDGMENT**
Index # 4848-13

| | | |
|---|---|---:|
| Amount claimed in Complaint | | $18369.74 |
| Interest at 0% from 05/01/2012 to 01/21/2014 | | 0.00 |
| Attorney's Fees Awarded by the Court | | 0 |
| | | |
| | | $18369.74 |
| Less Payments | | (0.00) |
| Costs by Statute | $ 200.00 | |
| Service of Summons | 46.00 | |
| Transcripts and Docketing | 15.00 | |
| Motion Costs | 45.00 | |
| Note of Issue | 0.00 | |
| Postage and Copying | 7.00 | |
| Sheriff's Fees on Execution | 45.00 | |
| Certificate of Disposition | 5.00 | |
| Request for Judicial Intervention | 0 | |
| Fee for Index Number | 210.00 | |
| Costs Taxed at | | 573.00 |

Albany County Clerk
Document Number 11552420
Rcvd 01/27/2014 2:32:06 PM

                Clerk          TOTAL:     18942.74

Attorney Affirmation STATE OF NEW YORK: COUNTY OF MONROE

    The undersigned, attorney-at-law of the State of New York, and one of the attorneys of record for Plaintiff herein, affirms under penalty of perjury that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount; that the time for Defendant(s) to appear or answer herein has expired and that Defendant(s) has/have not appeared or answered herein . Based upon an investigation which was made via internet search with the Defense Manpower Data Center, after the date of default, said Defendant(s) is/are not in the military service.

Dated: January 21, 2014

                Mark H. Stein, Esq./Michael J. Wegman, Esq.

Judgment entered

    The Summons and Complaint in this action having been personally served on Defendant(s) herein, and the time of Defendant(s) to appear or answer herein having expired, and Defendant(s) having defaulted in appearance, answer or otherwise as shown by the foregoing Affirmation.

    NOW, ON MOTION of Lacy Katzen LLP, attorneys for Plaintiff, having a place of business at 130 East Main Street, PO Box 22878, Rochester, New York, 14692-2878, it is ADJUDGED that Plaintiff, Security Credit Services, LLC having a place of business or residing at 2653 W. Oxford Loop, Suite 108, Oxford MS 38655 recover of Defendant, Thomas Mohr residing at 40 Gail Avenue, Albany NY 12205-4831, the sum of $18369.74, the amount claimed with interest, attorneys' fees awarded by the Court of $0, with $573.00 costs and disbursements, less payments of $0.00 amounting in all to the sum of $18942.74 and Plaintiff have execution thereof.

                      Clerk

* J D 0 2 0 1 3 0 0 9 9 8 *

